UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALDO CUELLER,<br><br> *Plaintiff*,<br><br>v.<br><br>SAFECO INSURANCE COMPANY<br>OF INDIANA<br><br> *Defendant*. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:21-CV-01643-X<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Aldo Cueller sued Safeco Insurance Company of Indiana (Safeco) in state court for breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. After the removal deadline passed, Safeco filed a Notice of Removal [Doc. No. 1] in this Court. Cueller responded with a Motion to Remand [Doc. No. 5], arguing the removal was untimely. Safeco then filed a Motion for Leave to File Notice of Removal [Doc. No. 6] to excuse its tardiness. For the reasons below, the Court **GRANTS** the motion to remand and **DENIES** the motion for leave to file notice of removal.

### I. Factual Background

Safeco insured Cueller's home under a residential insurance policy. Cueller discovered water damage to his property and submitted a claim under the policy. After investigating the claim, Safeco issued a coverage denial letter, and Cueller sued Safeco in state court for breach of the insurance contract and violations of the Texas

1

Insurance Code and the Texas Deceptive Trade Practices Act. Cueller filed the suit on May 25, 2021, and served Safeco's registered agent in Texas on June 4, 2021.

Safeco answered the complaint in state court on June 28, 2021. On July 15, 2021, Safeco filed a notice of removal to this Court, 41 days after service of the complaint.

## II. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[1] However,

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[2]

The removal statutes are strictly construed, and any doubts are resolved in favor of remand.[3] "[A] defendant who does not timely assert the right to removal loses that right."[4]

In some extraordinary circumstances, equitable tolling may be applicable to extend the deadline for removal. The doctrine of equitable tolling allows the court to

---

[1] 28 U.S.C. § 1441(a).

[2] *Id.* at § 1446(b)(1).

[3] *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[4] *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

extend a deadline where the litigant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[5]  "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[6]

### III. Analysis

It is undisputed that Safeco filed its notice of removal after the 30-day statutory deadline lapsed.  But Safeco urges the Court to grant it leave to file its notice of removal because the motion is sought to do justice, not to delay.  However, equitable tolling requires the litigant to demonstrate its diligence under the circumstances.  Safeco does not allege that it was diligent.  Instead, Safeco admits that it inadvertently filed the removal late because Safeco's counsel and his assistant were on vacation, and the deadline was miscalendared.

As such, the Court determines that Safeco has not established extraordinary circumstances necessary to warrant equitable tolling.  Accordingly, the Court **GRANTS** Cueller's motion to remand.  Because the Court grants the motion to remand, the Court **DENIES** Safeco's motion for leave to file notice of removal.

### IV. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion to remand and **DENIES** the motion for leave to file notice of removal.  The Court **REMANDS** the case to the 68th Judicial District Court of Dallas County, Texas.

**IT IS SO ORDERED** this 1st day of September, 2021.

---

[5] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[6] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE